UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD FRANK BERNAL,<br><br>          Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>          Defendant. | Case No.: 1:13-cv-0707- BAM<br><br>**ORDER ON PLAINTIFF'S<br>SOCIAL SECURITY COMPLAINT** |

**INTRODUCTION**

Plaintiff Richard Bernal ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act.[1]  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.  The parties consented to the Magistrate Judge's jurisdiction for all purposes. Having carefully considered the parties' briefs as well as the entire record in this case, the Court finds that the Administrative Law Judge ("ALJ") erred at Step Four of the sequential evaluation process.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit.

Accordingly, the ALJ's decision is REVERSED and the case REMANDED for further proceedings consistent with this Order.

## BACKGROUND

On August 5, 2010, Plaintiff filed an application for supplemental security income, alleging disability beginning November 22, 2009. AR 65-66. Plaintiff's application was denied initially and on reconsideration. AR 20-63. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). ALJ Christopher Inama held a hearing on February 15, 2012 and issued an order denying benefits on February 24, 2012. AR 16. On March 14, 2013, the Appeals Council denied review. AR 1. This appeal followed.

**Hearing Testimony**

The ALJ held a hearing on February 15, 2012, in Stockton, California. AR 20. Plaintiff appeared and testified. AR 28. He was represented by attorneys Christopher O'Connor and Alexander Collins. AR 20. Impartial Vocational Expert ("VE") George Meyers also testified. AR 55.

Plaintiff was 54 years old at the time of the hearing. AR 25. Plaintiff testified that he is currently homeless but he explained that although he is separated from his wife, at times, he stays with his wife or daughter. AR 25. Plaintiff did not finish high school, but he completed his GED. AR 26. Plaintiff received a certification for auto and body fender repair and he previously worked in a body and fender shop in either 2003 or 2004. AR 26. Plaintiff testified that he could no longer perform that work because his lower back prevents him from bending down to pick up tools. AR 27-30. Plaintiff also testified that he previously worked as a framer in construction, but overall his work history was limited because he was previously incarcerated. AR 29.

When asked about his impairments, Plaintiff testified that he generally suffers from lower back pain. Plaintiff needs to alternate sitting and standing generally every 20 to 40 minutes. Plaintiff also lays down approximately two to three times a day from anywhere between 45minutes to three hours. AR 31. Plaintiff has previously taken prescribed pain medication to alleviate his back pain, however those prescriptions have expired and Plaintiff now self-medicates with Methadone. AR 33. Plaintiff also testified that he regularly uses a cane. AR 36. Plaintiff also suffers from Hepatitis C which causes him pain on his right side. AR 36. Based on his impairments, Plaintiff testified that he could

stand for 15 to 20 minutes before needing to sit down. AR 50. Plaintiff's pain causes him to be distracted, and he testified that he could concentrate for 30-40 minutes at a time. Plaintiff can also sit for up to 50 minutes at a time. AR 54.

Thereafter, the ALJ elicited testimony of the vocational expert ("VE") George Meyers. AR 48. The VE testified that Plaintiff previously worked as a framer, which the VE classified as medium. AR 55. Plaintiff also worked as a hand packer, performed at the light work category. AR 55.

The ALJ asked the VE several hypothetical questions, contemplating an individual of the same age, education, and work background as Plaintiff. AR 56. First, the vocational expert was asked to assume an individual that could sit, stand, and walk for 6 hours in an 8-hour workday; lift and carry 20 pounds occasionally and 10 pounds frequently; could never climb ladders, ropes, or scaffolds, but could frequently climb ramps and stairs, balance, stoop, kneel, crouch, crawl, and occasionally stoop. AR 56. The vocational expert testified that individual could perform Plaintiff's hand packer position. AR 56.

In a second hypothetical question, the ALJ asked the VE to consider the same individual except that this person could sit or stand for 6 hours in an 8-hour workday, if allowed to stand and stretch for 10 minutes every hour, and this individual could lift 10 pounds occasionally and lift less than 10 pounds frequently; could stand and walk for 2 hours out of an eight hour work day; could occasionally climb ramps, stairs, but never climb ladders, ropes or scaffolds, nor balance, stoop, kneel, crouch, or crawl. The individual is limited to occasional reaching in all directions with his right hand and no limit with his left hand. Finally, this individual must avoid all exposure to vibration and hazards such as heights and machinery. AR 57. The VE testified that a person with such limitations could not perform any jobs as they exist in the national economy. AR 58.

Finally, Plaintiff's attorney questioned the vocational expert regarding an individual that could sit for 20 minutes before needing to take a break or reposition himself, cannot lift more than 10 pounds, squat, bend, crawl, or kneel. AR 60. This individual cannot concentrate for more than 30 minutes, has difficulty breathing and working in outdoor heat, cannot use his hands effectively, has difficulty accepting instructions from supervisors, and suffers from complications from hypertension

3

and sleep disturbance. AR 61. The vocational expert opined that an individual with these limitations would be unemployable. AR 61.

**Relevant Medical Evidence**

The entire medical record was reviewed by the Court and the relevant medical evidence is summarized as follows. AR 196-239.

Plaintiff underwent an MRI of his lumbar spine on May 13, 2009, in connection with his complaints of chronic lower back pain. AR 197. This scan detected multilevel facet arthrosis (degenerative arthritic changes), central canal stenosis (narrowing of the spinal canal), and foraminal stenosis (narrowing of the nerve root openings). This scan also found the L5-S1 disk touching, but not displacing, the right S1 nerve root. AR 197. A December 22, 2009, X-ray of Plaintiff's lumbar spine similarly detected multilevel degenerative disk disease. AR 196. This X-ray additionally found "possible mild" compression deformities at multiple levels. AR 196. Plaintiff visited with M. Rashidi, M.D., on April 20, 2010, regarding his complaints of lower back pain. AR 198-99. Dr. Rashidi observed that Plaintiff had normal motor power, sensation, and reflexes in his extremities. AR 199. Dr. Rashidi noted that Plaintiff presented to his evaluation with a cane. AR 198. An X-ray of Plaintiff's lumbar spine performed during this evaluation found multilevel degenerative changes. AR 199.

On January 21, 2011, Leah Holly, D.O., assessed Plaintiff's residual functional capacity (RFC) on behalf of California's Disability Determination Service (the State agency). AR 204-10. Dr. Holly concluded that Plaintiff could lift up to ten pounds occasionally and less than ten pounds frequently during a typical workday. AR 205. Dr. Holly stated that Plaintiff could stand and walk for at least two hours and sit for about six hours total during a normal eight-hour workday; she also stated that Plaintiff must periodically alternate sitting and standing to relieve pain and discomfort. AR 205. Dr. Holly concluded that Plaintiff could climb ramps and stairs occasionally during a normal workday, but that he was otherwise incapable of performing postural activities. AR 207. Dr. Holly found that Plaintiff's ability to reach was limited. AR 207. She also found that Plaintiff should avoid all exposure to hazards and vibration in the workplace. AR 208. Dr. Holly referenced Plaintiff's May

2009 MRI and April 2010 X-ray to support her conclusions about Plaintiff's functional restrictions. AR 205, 207.

Roger Wagner, M.D., performed a consultative physical examination of Plaintiff on May 20, 2011. AR 211-15. Plaintiff alleged at this evaluation that he experienced lower back pain that radiated into his right groin. AR 211-12. Plaintiff stated that he could walk for about three blocks and sit for thirty to forty-five minutes before changing activities. AR 212. Plaintiff alleged pain with bending and lifting. AR 212. Plaintiff reported that he had been diagnosed with hepatitis C for approximately five years. AR 211. Plaintiff stated that he had no history of bruising, bleeding, edema, or jaundice. AR 211. Plaintiff reported that he could perform daily activities such as household cleaning, taking out the trash, attending to his personal care, shopping, and exercising. AR 212.

Dr. Wagner observed that Plaintiff could "easily" get out of his chair and walk to the examination room without assistance. AR 212. Dr. Wagner noted that Plaintiff sat "comfortably" through his clinical interview and got on and off the examination table without difficulty. AR 212. Plaintiff could walk on his heels and toes during this evaluation. AR 213. Plaintiff had normal gait and station. AR 213. Plaintiff also had normal balance and coordination. AR 213. Dr. Wagner noted that while Plaintiff brought a cane to the examination, it did not appear necessary. AR 213. Plaintiff's lumbar range of motion was restricted, but he had "only very slightest of lumbar paravertebral muscle tenderness." AR 213-14. Plaintiff had normal motor strength, sensation, and reflexes. AR 214. Plaintiff had negative seated straight leg raise testing; Plaintiff's supine straight leg raise testing elicited complaints of lower back pain without radiation. AR 214.

Following his evaluation of Plaintiff, Dr. Wagner concluded that Plaintiff could lift up to ten pounds frequently and up to twenty pounds occasionally during a typical workday. AR 215. Dr. Wagner found that Plaintiff could stand and walk for up to six hours and sit without limitations during a normal eight-hour workday. AR 215. Dr. Wagner stated that Plaintiff's use of a cane was not necessary, "except for perhaps very long distances." AR 215. Dr. Wagner also stated that Plaintiff had no postural, manipulative, or workplace environmental limitations. AR 215.

In an August 2, 2011, assessment of Plaintiff's RFC for the State agency, B. Harris, M.D., concluded that Plaintiff could lift up to ten pounds frequently and up to twenty pounds occasionally

during a normal workday. AR 217. Dr. Harris found that Plaintiff could stand and walk for about six hours and sit for about six hours total during a normal eight-hour workday. AR 217. Dr. Harris, though, stated that Plaintiff required an assistive device for walking prolonged distances. AR 217. Dr. Harris determined that Plaintiff could stoop occasionally during a normal workday. AR 219. However, Dr. Harris concluded that Plaintiff could perform all other postural activities frequently during a typical workday. AR 219. To support these conclusions, Dr. Harris referenced Plaintiff's May 2009 lumbar spine MRI and the objective clinical findings and Plaintiff's report of his daily functioning from his May 2011 consultative physical examination. AR 217-18.

During a May 27, 2011 visit to the Stanislaus County Health Services Agency, Plaintiff was diagnosed with "advanced" lumbar spondylosis (spinal degeneration). AR 236. Throughout Plaintiff's visits to the Health Services Agency between May 2011 and January 2012, his treating physicians prescribed pain medication and physical therapy for his complaints of lower back pain. AR 231-36. Plaintiff, furthermore, had negative straight leg raise testing during a January 2012 examination at the Health Services Agency. AR 232.

## THE ALJ'S DECISION

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 10-16. More particularly, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 5, 2010. AR 12. Second, the ALJ identified Plaintiff's hepatitis c and low back pain as severe impairments. AR 12. Nonetheless, the ALJ determined that the severity of Plaintiff's impairments did not meet or exceed any of the listed impairments. AR 12.

Based on his review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work except Plaintiff can frequently balance, kneel, crouch, crawl, and climb ramps and stairs, occasionally stoop and never climb ladders, ropes, and scaffolds. AR 12. The ALJ found that Plaintiff could return to his past relevant work as a hand

packager.[2]  The ALJ ended the sequential disability analysis at step four and did not proceed to step five.  Accordingly, the ALJ found that Plaintiff was not disabled under the Social Security Act.  AR 16.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence.  42 U.S.C. § 405 (g).  Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  In weighing the evidence and making findings, the Commission must apply the proper legal standards.  *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commission's findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## DISABILITY STANDARD

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c (a)(3)(A).  A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which

---

[2]  Plaintiff testified that his previous was as a "packer," but the ALJ determined that Plaintiff could return to his past relevant work as a 'hand packager." For this reason, the Court uses the terms "hand packager" and "hand packer" interchangeably.

exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

Here, Plaintiff challenges the ALJ's disability finding in three respects. First, Plaintiff argues that the ALJ erred at step four of the sequential evaluation process because his work as a hand packager was not performed at SGA levels, and is therefore, not past relevant work. Second, Plaintiff challenges the RFC finding because the ALJ failed to consider Plaintiff's use of a cane. Finally, Plaintiff argues that the ALJ erred in rejecting his credibility. (Doc. 13).

## **DISCUSSION**[3]

### **A. Past Relevant Work at Step Four of the Sequential Evaluation**

Plaintiff argues the ALJ erred at step four because his work history, combined with his earnings report, indicates that none of his past jobs were performed at substantial gainful activity levels and, therefore, the ALJ erred in considering Plaintiff's previous work as a hand packager as past relevant work. (Doc. 13 at 6). Specifically, Plaintiff argues "the record does not establish that he performed [work as a hand packager] at substantial gainful activity (SGA) levels." The Commissioner does not respond to Plaintiff's argument directly but instead insists that any error at step four is harmless because Plaintiff is not disabled under the medical-vocational guidelines.

Step four of the sequential evaluation process requires the ALJ to engage in two inquires. First, the ALJ must determine whether the individual has any work that constitutes past relevant work ("PRW"). To qualify as PRW, three requirements must be satisfied. First, the recency requirement, the individual must have performed the work within the last 15 years or 15 years prior to the date that disability must be established. *See* 20 C.F.R. § 404.1565; *see also* SSR 82-62, 1982 SSR LEXIS 27. Second, the duration requirement, the work must have lasted long enough for the individual to learn. *Id.* Third, the income requirement, the work must have been performed as SGA. *See* 20 C.F.R. § 404.1560(b). After determining whether the individual has any PRW, the ALJ must turn to the second

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

inquiry in which he compares the limitations in the RFC with the demands of the PRW as the individual described it and as it is described in the Dictionary of Occupational Titles ("DOT"). *See* 20 C.F.R. § 404.1545; *see also* 20 C.F.R. § 404.1520; SSR 82-61, 1982 SSR LEXIS 31. Plaintiff primarily challenges whether the evidence establishes that his earnings and length of employment satisfy the duration and income requirements at Step 4 of the sequential evaluation process.[4]

In this case, the ALJ summarily found that Plaintiff is capable of performing his past relevant work as a "hand packager." AR 16. At the hearing, the ALJ asked Plaintiff about his past relevant work. Plaintiff first testified that he primarily worked as an auto body repairer. AR 26. The ALJ asked Plaintiff detailed questions about his work in auto body repair as follows:

[A]: It was at a body and fender shop, yeah.

[Q]: Okay.

[A]: But it was – like, part time, whenever they needed somebody to come and do some body work.

…

[Q]: When you say part-time, how much would you have made in a – say, in a month, how much would you have earned?

[A]: As far as in paying me? It was – I would say in a month, like, maybe—like the whole month I would say probably like – maybe between four and 600 give or take, kind of hard to say.

[Q]: And that was in '03, '04?

[A]: Yeah.

AR 27- 28.

[Q]: Going back to the auto body repair, which you did part time, did you tell me you think you were getting about $400 a month on average?

[A]: Yeah, because I worked maybe three four days, weeks – I'd say average, he paid cash

…

[Q]: I'm going to the find that that's not significant gainful employment, I looked at the level for those years and you were making less than that, so we're not going to count that against you…

AR 52-53.

---

[4] Plaintiff worked as a hand packer in 2005, which was within 15 years of the date of the hearing.

9

In follow up testimony, Plaintiff stated that he also performed work as a construction framer and hand packer as follows.

> AR 27.
>
> [Q]: What other jobs did you have?
>
> [A]: Construction, framing.
>
> [Q]: Okay, and any other jobs, over the last 15 years?
>
> [A]: Just, well, mostly just construction, framing and packing.
>
> [Q]: Okay, we'll get to those jobs in a little bit…[5]
>
> AR 29.

Here, while the ALJ determined that Plaintiff's work as an auto body repairer was performed at less than the SGA level, the ALJ failed to illicit any additional details regarding Plaintiff's work as a hand packager. However, the ALJ implicitly found that Plaintiff's work as a hand packager constituted substantial and gainful activity. AR 16. In determining that Plaintiff's work as a hand packer was performed at SGA levels the ALJ seemingly relied on the vocational expert's testimony that Plaintiff's past relevant work was as a "framer, DOT 860.381-022" and "hand packer, DOT 920.587-018, medium, unskilled." AR 55. The vocational expert's testimony appears to be based on Plaintiff's Disability Report — Adult and Work History Report, which indicates Plaintiff worked (a) as a framer from "2004 to 2005," working eight hours per day for six days a week at $9.00 per hour, and (b) as a "packer" from "2005 to 2005," working eight hours per day for five days a week at $8.25 per hour. AR 151, 152. Based on this information, Plaintiff earned $330 per week or $1,320 per month as a packer in 2005, which was above the monthly threshold for substantial gainful activity in 2005 if Plaintiff made that amount on average each month.[6]

On the other hand, the Summary Earnings Query shows $0.00 earnings in 2004 (when Plaintiff worked as a framer) and $1477.72 in 2005 (when Plaintiff worked as both a framer and a hand packager). AR 139. There is no detailed earning query explaining how much Plaintiff earned from

---

[5] The ALJ never returned to this line of questioning.
[6] Work performed constitutes substantial gainful activity if the plaintiff earned more than $830 per month on average in 2005. *See* Monthly Substantial Gainful Activity Amounts Chart, available at http://www.ssa.gov/OACT/COLA/sga.html.

10

each position. There are also no months indicating the time period Plaintiff worked at either position. Aside from the speculative testimony by the VE, the record is unclear as to whether Plaintiff's earnings as a hand packer were presumptively performed at SGA levels. The record contains only scant references to any details surrounding Plaintiff's work as a hand packer. When Plaintiff was asked by his attorney at the hearing about his previous work history, Plaintiff testified in detail about his auto repair job in "2003 or 2004." AR 27. When asked about his other work, Plaintiff further explained that he previously worked in construction as a framer. AR 28. When asked a third time if Plaintiff performed any other jobs over the past 15 years, Plaintiff testified "just, well, mostly just construction, framing, and packing" with no further detail on the packing position. AR 29.

Plaintiff argues that based on this evidence, "it is doubtful that Plaintiff worked more than a few weeks as a packager." (Doc. 13 at 7). This assertion is not inconsistent with the record. By all indications, the evidence in the record presents at least two possible scenarios resulting in the conclusion that Plaintiff's work as a hand packager does not qualify as past relevant work. Either Plaintiff worked solely as a hand packager for a little over one month, which may be an insufficient amount of time for the ALJ to reasonably determine that the job lasted long enough for Plaintiff to have learned it; or Plaintiff worked as a hand packager for two months or longer, making his average monthly income below SGA levels. Perhaps both of these statements are accurate, or perhaps both statements are incorrect. The Court simply cannot make a rational interpretation based on such vague evidence. Therefore, the Court cannot conclude on the current record that the ALJ's finding at step four of the sequential evaluation process is supported by substantial evidence.

While claimants have the burden at step four to show they are unable to return to their past relevant work, the ALJ must make specific factual findings to support the conclusion that Plaintiff can perform past relevant work. *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001); *see also* SSR 82-62, 1982 SSR LEXIS 27 (1982), [WL] at *4, available at 1982 SSR LEXIS 27, 1982 WL 31386. Plaintiff appeared at the hearing and was able to provide detail as to the length of time he worked in these positions and a description of how and when his past jobs were performed. Yet the ALJ did not ask clarifying questions nor did the ALJ make any findings with respect to Plaintiff's past relevant work in his decision denying benefits. For all of these reasons, and after an exhaustive review of the

record, the Court finds the ALJ erred in finding that Plaintiff's previous work of "hand packager" was substantial gainful activity. "Requiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review. When ... the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the [vocational expert's] head, we are left with nothing to review." *Pinto*, 249 F.3d at 847.

This matter will be remanded so that the ALJ can reconsider the findings at step four and clarify whether the job as a hand packager constituted substantial gainful activity. Although the Commissioner argues that the error is harmless because Plaintiff would be found not disabled at step five of the sequential analysis, the ALJ should make that determination in the first instance. As this is a threshold issue, the Court need not address Plaintiff's additional challenges to the ALJ's findings.

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is not based on proper legal standards. Accordingly, this Court **GRANTS** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. This action is **REMANDED** back to the Commissioner for further administrative proceedings consistent with this opinion. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Richard Frank Bernal, against Carolyn W. Colvin, Commissioner of Social Security and close this action.

IT IS SO ORDERED.

Dated:   **March 6, 2015**                           /s/ *Barbara A. McAuliffe*
                                                                                          UNITED STATES MAGISTRATE JUDGE