1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD FRANK BERNAL, | Case No. 1:13-cv-00707-BAM |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY** (Doc. 17) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | **ORDER REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES** (Doc. 18) |
| Defendant. | |

Plaintiff Richard Frank Bernal ("Plaintiff") filed a complaint challenging the denial of his claim for supplemental security income on May 14, 2015.  (Doc. 1.)  On March 6, 2015, the Court issued an order reversing the ALJ's decision and remanding the case for further proceedings.  (Doc. 15.)  Judgment was entered in Plaintiff's favor on the same date.  (Doc. 16.)

Plaintiff now seeks attorney's fees pursuant to Equal Access to Justice Act (28 U.S.C. § 2412(d)) ("EAJA") in the amount of $6,715.50.[1]  (Doc. 18.)  The Commissioner of Social Security ("Commissioner") objects to Plaintiff's request, contending that Plaintiff is not entitled to fees and that the amount requested is excessive and unreasonable.  (Doc. 21.)  For the reasons that follow, the Court **GRANTS** Plaintiff's application.

///

---

[1] On May 6, 2015, Plaintiff's counsel filed a motion to substitute the plaintiff in this action.  Counsel reportedly learned that Plaintiff Richard Bernal passed away on December 6, 2014, and counsel now requests to substitute Plaintiff's wife, Jeanie Bernal, in his stead.  (Doc. 17.)  The Commissioner of Social Security has not opposed the request.  Accordingly, Plaintiff's motion to substitute party is GRANTED.  Jeanie Bernal o/b/o Richard Frank Bernal is substituted in place of Richard Frank Bernal.

## Discussion

### A.  Legal Standard

28 U.S.C. § 2412(d)(1)(A) provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

When a claimant wins a remand based on an incorrect decision by the Commissioner (a "sentence-four" remand), attorneys' fees are to be awarded unless the Commissioner shows that she was "substantially justified" in her position.  *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002).  Here, the parties do not dispute that Plaintiff is the prevailing party.  The Commissioner contends, however, that the government's position was substantially justified.

The EAJA does not define "substantial justification."  The Supreme Court, however, has defined it to mean "justified in substance or in the main" or "to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  "A position can be justified even though it is not correct, and we believe it can be substantially (*i.e.,* for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."  *Id.* at 566 n. 2. The Seventh Circuit restated this standard as "whether the agency had a rational ground for thinking it had a rational ground for its action." *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994).

### A.  The ALJ's Step Four Determination Lacked Substantial Justification

At step four of the sequential evaluation, the ALJ determined that Plaintiff retained the residual functional capacity to perform his past relevant work as a hand packager.  AR 16.  In reaching this determination, the ALJ found as follows:

> **The claimant is capable of performing past relevant work as a hand packager.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).**  [¶]  Pursuant to the vocational expert's testimony comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually performed.

1    AR 16.  The Commissioner did not defend this position.

2         Plaintiff challenged the ALJ's decision and argued that the record failed to establish that

3    Plaintiff performed work as a hand packager at substantial gainful activity ("SGA") levels.  (Doc. 13

4    at 6.)   The Court agreed and concluded that the ALJ failed to make specific factual findings to

5    support the conclusion that Plaintiff could perform his past relevant work as a hand packager.  *See*

6    *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).

7         The Court does not find that that ALJ had substantial justification for his position.  As an

8    initial matter, and noted by the Court, the ALJ failed to make any findings with respect to Plaintiff's

9    past relevant work in his decision denying benefits.  AR 16.  Further, the ALJ did not elicit

10    clarifying testimony from Plaintiff sufficient for the ALJ to determine whether Plaintiff's work as a

11    hand packer constituted SGA.  Further, the record itself was unclear as to whether Plaintiff's

12    earnings as a hand packer were presumptively performed at SGA levels.  Although the ALJ appeared

13    to rely on the testimony of the Vocational Expert ("VE"), that testimony was speculative and

14    undermined by conflicting reports in the record, including the Summary Earnings Query.  AR 55,

15    139, 151-52.

16         Defendant now argues that the record demonstrates Plaintiff's earnings in 2005 created a

17    presumption that his work as a hand packer constituted substantial gainful activity.  Defendant also

18    argues that it was reasonable for the ALJ to rely on the VE's testimony to support the step four

19    finding that Plaintiff's previous work as a hand packager constituted past relevant work.  *See, e.g.,*

20    *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).  However, the ALJ did not make any

21    express findings in reliance on Plaintiff's earnings or the VE's testimony to support the

22    determination that Plaintiff's hand packer work was performed at substantial gainful activity levels

23    or constituted past relevant work.  Just as the Commissioner cannot rely on post-hoc rationalization

24    to defend an ALJ's finding of nondisability, she may not do so to show that the government's

25    position was substantially justified.  *Fed. Election Comm'n v. Rose*, 806 F.2d 1081, 1089 (D.C. Cir.

26    1986).  The ALJ's position with respect to Plaintiff's past relevant work as a hand packer was not

27    substantially justified.

28    *///*

**C.      The "Position of the United States" Was Not Substantially Justified**

In deciding whether the "position of the United States" was justified, "district courts should focus on whether the government's position on the particular issue on which the claimant earned remand was substantially justified." *Hardisty v. Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010); *see Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995).

Here, in defending the ALJ's decision, the Commissioner did not respond to Plaintiff's argument related to the step four finding that Plaintiff's previous work as a hand packer constituted past relevant work.  Instead, the Commissioner argued that any error at step four was harmless because Plaintiff would not be disabled under the medical-vocational guidelines at step five of the sequential evaluation.  (Doc. 14 at 12.)  Although the Commissioner correctly asserts that harmless error principles apply in Social Security cases, this is not sufficient to demonstrate that the position of the United States was substantially justified.  In fact, the Court rejected the Commissioner's harmless error argument because the ALJ did not make any determination at step five in the first instance.  (Doc. 15 at 12; AR 16.)  Accordingly, the Court finds that the position of the United States was unjustified, and Plaintiff is entitled to all reasonable fees.

**D.      Plaintiff's Fee Request is Reasonable**

As the Court has determined that Plaintiff is entitled to recover attorney's fees for the work performed, the Court must next determine what constitutes a reasonable award of attorneys' fees. *See* 28 U.S.C. § 2412(d)(2)(A); *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (district court has an independent duty to review plaintiff's fee request to determine its reasonableness).

**1.      Legal Standard**

Under the EAJA, attorneys' fees must be reasonable. 28 U.S.C. § 2412(d)(1)(A); *Perez-Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002).  The applicant bears the burden of demonstrating the reasonableness of the request. *Blum v. Stenson,* 465 U.S. 886, 897 (1984).  The Ninth Circuit has held that the lodestar method should be used to determine what constitutes a reasonable fee under the EAJA. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).  To calculate the lodestar amount, the court multiplies the number of hours reasonably

4

expended on the litigation by a reasonable hourly rate. The request should exclude hours that are excessive, redundant, or otherwise unnecessary. *Id.*

### 2. Hourly Rates

The EAJA provides that fee awards should be "based upon prevailing market rates for the kind and quality of the services furnished," and that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Although the cost-of-living increase can be calculated, the Ninth Circuit maintains a list of the maximum hourly rates for each year. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005); http://www.ca9.uscourts.gov.

Here, Plaintiff requests a rate of $185.00 per hour for work performed in 2013, 2014 and 2015, which is less than the published statutory maximum rates under EAJA adjusted for cost-of-living in those years. The Court finds the Plaintiff's request for a cost of living adjustment to be reasonable in light of the kind and quality of services furnished, as well as the lack of argument suggesting otherwise by Defendant. The Court applies the requested rate of $185.00.

### 3. Number of Hours

Plaintiff seeks compensation for a total of 36.3 attorney hours, or $6,715.50. (Doc. 18 at 2.) Counsel details these hours and activities as follows:

| Date | Activity Description | Time Spent |
|------|----------------------|------------|
| 3.4.13 | Receipt and review of Appeals Council decision; Review of file; conference w client re appeal to district court. | 2.0 |
| 5.14.13 | Preparation of complaint. | n/c |
| 12.23.13 | Receipt and preliminary review of the Administrative Transcript. | 5.2 |
| 3.19.14 | Review of file, issue identification. | 8.0 |
| 3.21.15[2] | Legal Research | 6.5 |
| 3.25.14 | First draft of brief. | 7.0 |
| 3.29.14 | Draft and edit brief. | 5.0 |

---

[2] The Court presumes counsel intended the time entries to be in date order. Therefore, the Court construes this entry as occurring on 3.21.14.

| | | |
|---|---|---|
| 3.31.14 | Final edit; preparation of Plaintiff's brief and filing; Correspondence to the claimant re same. | 1.1 |
| 4.29.14 | Receipt and review of Defendant's Brief. | 1.0 |
| 3.6.15 | Receipt and review of Memorandum Order remanding case: Telephone conference with client re: same | .5 |
| 3.8.15 | Preparation of Plaintiff's petition for attorney fees under the EAJA | n/c |
| | TOTAL | 36.3 |

(Doc. 18-1.)

Defendant now argues that the hours claimed are not reasonable and should be reduced by 13.2 hours. First, Defendant argues that a reduction of at least 5.2 hours is appropriate for work completed on December 23, 2013 reviewing the administrative record because counsel subsequently spent 8.0 hours reviewing the file and identifying issues on March 19, 2014. Defendant claims that this is duplicative or otherwise unnecessary work. A reasonable fee request does not include hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Contrary to the Commissioner's assertion, it is not evident that Plaintiff's counsel conducted unnecessary or duplicative work. According to the record, counsel's work on December 23, 2013, corresponds with preparation of the confidential letter brief, while counsel's work on March 19, 2014, corresponds with preparation of the opening brief filed in this action. Thus, hours expended on those dates were necessary to the prosecution of this action. Accordingly, the Court does not find it appropriate to reduce the hours expended on December 23, 2013.

Defendant next argues that a reduction of at least 8 hours is appropriate because Plaintiff's opening brief included contentions about the ALJ's residual functional capacity and credibility findings that the Court abstained from considering. To support this argument, Defendant cites *Hardisty*, 592 F.3d at 1077, and contends that the EAJA's fee shifting provisions do not apply to issues that the reviewing court left unaddressed.

In *Hardisty*, the Ninth Circuit reviewed the denial of an EAJA fee petition. In affirming the denial, the Ninth Circuit held that the provisions of the fee-shifting statute do not extent fee awards

to "positions of the United States challenged by the claimant but unaddressed by the reviewing court." *Hardisty*, 529 F.3d at 1077. The Ninth Circuit based the decision, in part, on the Supreme Court's command "that a request for attorney's fees should not result in a second major litigation." *Id.* at 1077–1078 (citation omitted). The Ninth Circuit reasoned that requiring the district court to determine whether the government's position on unadjudicated issues was substantially justified would put the court "in the position of conducting essentially de novo review of the entire case for purposes of the fee litigation, contrary to the command against 'spawn[ing] a second litigation' of the Supreme Court and to the far more streamlined 'substantial justification' review envisioned by the EAJA itself." *Id.* at 1078 (internal citations omitted).

The Court declines to extend *Hardisty* to this action. The district court in *Hardisty* found that the government's position was substantially justified on the issue upon which remand was based, and the issue was therefore not a basis for EAJA fee-shifting. *Hardisty*, 592 F.3d at 1075. Here, Defendant's position was not substantially justified on the issue upon which remand was based.

Moreover, extending *Hardisty* to the reasonableness analysis is contrary to Supreme Court precedent and unfeasible. In *Hensley*, 461 U.S. at 434, the Supreme Court explained that an attorney may not be entitled to an award for work on "distinctly different claims for relief that are based on different facts and legal theories." The *Hensley* court recognized, however, that some cases present a single claim for relief that involves a common core of facts and is based on related legal theories:

> Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation . . .

*Hensley*, 461 U.S. at 435. Social Security appeals have been likened to a single claim for relief based on one set of facts and involving related legal theories. *See, e.g., Trefcer v. Colvin*, No. 2:11-cv-

1436 AC, 2013 WL 6623823, *5 (E.D. Cal. Dec. 16, 2013); *Singmoungthong v. Astrue*, No. 1:09cv1328 DLB, 2011 WL 2746711, *8 (E.D. Cal. Jul. 13, 2011).

Defendant invites this Court to reduce the award by 8 hours to account for the time not dedicated to briefing the issue upon which remand was based. Doing so in the absence of time records itemized by specific arguments, or engaging in any other method for determining the amount of time spent on a single argument, amounts to speculation.

For the reasons stated above, Plaintiff's request for attorneys' fees shall be granted.

**E.     Proper Payee Under the EAJA**

The Commissioner contends that any award under EAJA must be made payable to Plaintiff, rather than Plaintiff's counsel. (Doc. 21 at 9.) Plaintiff does not address this issue, but indicates that there has been an assignment to counsel of his rights to any EAJA fee. (Doc. 18 at 2 and Ex. B.)

The U.S. Supreme Court has held that a Section 2412(d) fee award is payable to the litigant. *Astrue v. Ratliff*, 560 U.S. 586, 130 S.Ct. 2521, 177 L.Ed.2d 91, (2010). Under *Ratliff*, a plaintiff is normally awarded the fees, subject to any offset for applicable government debts. However, after *Ratliff*, courts in this district have ordered payment of EAJA fees directly to the plaintiff's counsel pursuant to the plaintiff's assignment of EAJA fees in a fee agreement, provided that the plaintiff has no debt that requires offset. *See, e.g., Blackwell v. Astrue*, No. CIV 08–1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar.21, 2011); *Dorrell v. Astrue*, No. CIV 09–0112 EFB, 2011 WL 976484, at *2–3 (E.D. Cal. Mar.17, 2011); *Calderon v. Astrue*, No. 1:08–cv–01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct.22, 2010).

Other courts have refused to award EAJA fees directly payable to the plaintiff's counsel, noting, however, that the government could, after subtracting any offset, waive the requirements of the Assignment of Claims Act and make payment directly to the plaintiff's counsel. *See Matthews v. Astrue*, No. CIV 11–290–TUC–LAB, 2013 WL 500955, at * 1 (D. Ariz. Feb. 11, 2013); *see also Smith v. Astrue*, No. C–10–4814 PJH, 2012 WL 3114595, at * 6 (N.D. Cal. Jul. 31, 2012) ("Based on *Ratliff* and the Supreme Court's interpretation of EAJA, Smith is considered the prevailing party in the action before this court. Accordingly, Smith is entitled to direct payment of the EAJA award and not Sackett.")

In this case, Plaintiff has assigned the right to receive EAJA fees to his attorney.  However, the Commissioner has not ascertained whether Plaintiff owes a federal debt. Under these factual circumstances, the Court concludes that the EAJA fee award shall be made payable to Plaintiff. However, if Plaintiff does not owe a government debt, this order shall not be construed to preclude the payment directly to Plaintiff's counsel pursuant to Plaintiff's assignment should the government waive the requirements of the Anti-Assignment Act.  *See, e.g., Ybarra v. Comm'r of Soc. Sec.*, No. 1:12-cv-1715 BAM, 2014 WL 6833596, *4 (E.D. Cal. Dec. 3, 2014).

## CONCLUSION AND ORDER

As a prevailing party, Plaintiff is entitled to an award of attorney's fees under EAJA because the ALJ's decision and the Commissioner's position were not substantially justified.  Plaintiff is entitled to an award of $6,715.50, which represents compensation for 36.3 attorney hours at $185.00 per hour.

Accordingly, IT IS HEREBY ORDERED:

1.  Plaintiff's motion to substitute party, filed on May 6, 2015, is GRANTED;

2.  Jeanie Bernal o/b/o Richard Frank Bernal is substituted in place of Richard Frank Bernal;

3.  The Clerk of the Court is directed to update the caption in this matter to reflect the substitution;

4.  Plaintiff's motion for attorney's fees, filed on June 4, 2015, is GRANTED in the amount of $6,715.50;

5.  This amount shall be paid to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010); and

///
///
///
///
///
///

9

6.   If the government determines that Plaintiff does not owe a federal debt and waives the requirements of the Anti-Assignment Act, 31 U.S.C § 3727, the fee award shall be made payable to Plaintiff's counsel pursuant to Plaintiff's assignment of interest in the fee award.

IT IS SO ORDERED.

Dated:   **November 10, 2015**                    /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE